UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | Case No. 20-CR-237-JFH |
| v. | |
| **CARL GENE ORTNER,** | |
| **Defendant.** | |

**OPINION AND ORDER**

Currently before this Court is a Motion for Return of Property ("Motion") filed by Defendant Carl Gene Ortner, Jr. ("Defendant"). Dkt. No. 128. Defendant argues that, pursuant to Federal Rule of Civil Procedure 41(g), he is entitled to the return of property that was seized during a search of Defendant's residence. For the reasons set forth below, Defendant's Motion [Dkt. No. 128] is **GRANTED IN PART AND DENIED IN PART** as set forth herein.

**Background**

In 2018, Defendant was arrested on suspicion of statutory rape and the possession of child pornography. *Id.* at 2. Law enforcement officers obtained a warrant to search Defendant's phone and, during the ensuing search, discovered a photograph of a hand holding an eagle tail. *Id.*; *id.* at Ex. 1. Based upon that photograph, law enforcement personnel sought and obtained a warrant to search Defendant's residence for migratory birds, bird parts, bird feathers, indicia of Defendant's ownership of the residence, and records evidencing Defendant's role in taking, possessing, transporting, selling, or purchasing wildlife and parts thereof. Dkt. No. 130-1. A search of Defendant's residence on August 14, 2018 (the "August 2018 Search") resulted in the discovery and seizure of numerous bird parts and bird feathers. Dkt. No. 130-1 at 7-9. Defendant's spouse,

Kimberly Ortner ("Ms. Ortner") signed a Property Receipt containing a "true and complete" inventory of the items seized during the search of Defendant's residence.[1]  Dkt. No. 130-1 at 11-12.

Prior to Defendant's criminal trial, the Government filed a Bill of Particulars setting forth its intention to seek the forfeiture of property constituting, derived from, or traceable to any criminal violations, as well as any property used or intended to be used in the commission or facilitation of any violation of federal law.  Dkt. No. 46.  The Bill of Particulars specifically provided that eight categories of bird feathers and bird parts would potentially be subject to forfeiture.  *Id.*

Defendant was convicted of, inter alia, possession of parts of a bald eagle and possession of parts of a golden eagle.  Dkt. No. 64.  Following Defendant's conviction and upon motion by the Government, this Court entered a Preliminary Order of Forfeiture (the "Forfeiture Order") advising that the following items identified in the Bill of Particulars would be forfeited to the United States as part of Defendant's sentence (the "Forfeited Items"):

> 1. Miscellaneous bird feathers seized on August 14, 2018 by law enforcement from 5998 South 632 Road, Quapaw, Oklahoma;
>
> 2. Thirteen boxes and the included miscellaneous bird feathers seized on August 14, 2018 by law enforcement from 5998 South 632 Road, Quapaw, Oklahoma;
>
> 3. One fan of seven assorted bird feathers seized on August 14, 2018 by law enforcement from 5998 South 632 Road, Quapaw, Oklahoma;
>
> 4. One bustle of assorted bird feathers seized on August 14, 2018 by law enforcement from 5998 South 632 Road, Quapaw, Oklahoma;

---

[1] Defendant was in custody at the time of the August 2018 search.  *See* Dkt. No. 128 at 2; Dkt. No. 130 at 1.

> 5. Miscellaneous bird talons seized on August 14, 2018 by law enforcement from 5998 South 632 Road, Quapaw, Oklahoma;
>
> 6. Miscellaneous bird heads seized on August 14, 2018 by law enforcement from 5998 South 632 Road, Quapaw, Oklahoma;
>
> 7. One bird wing seized on August 14, 2018 by law enforcement from 5998 South 632 Road, Quapaw, Oklahoma; and
>
> 8. One eagle carcass seized on August 14, 2018 by law enforcement from 5998 South 632 Road, Quapaw, Oklahoma.

Dkt. No. 67. The Forfeiture Order, which was incorporated into the terms of Defendant's sentence, became final as to the Forfeited Items on October 11, 2021. Dkt. No. 69; Dkt. No 70 at 7; Dkt. No. 76.

Defendant appealed both his conviction and sentence. In his appeal, Defendant challenged the jury instructions issued by the Court, the Court's refusal to sever the counts concerning the possession of eagle parts from the other counts asserted against him, and the propriety of the fine imposed at sentencing. *See* Dkt. No. 113. Significantly, Defendant did not challenge the Order of Forfeiture at any point during his 2021 appeal. *See id.* Defendant's Motion constitutes his first attempt to seek the return of either the Forfeited Items or the other items seized during the investigation of the crimes for which Defendant was ultimately charged.

**Analysis**

Defendant's Motion requests the return of forty-seven categories of items, in addition to any other items that Defendant may have failed to specifically identify ("Defendant's List"). *See* Dkt. No. 128 at 14-15. Defendant's List is broader and more extensive than the Property Receipt that, according to Ms. Ortner, constitutes a "true and complete" inventory of items removed during the August 2018 Search. *See* Dkt. No. 13-1 at 11-12. Consequently, Defendant's Motion challenges the Government's retention of three categories of property: The property forfeited pursuant to this Court's judgment in the criminal proceedings; the non-forfeited property identified

on the Property Receipt; and the property set forth in Defendant's List that does not fall into either of the first two categories. The Court will address each category of items in turn.

### A. The Forfeited Items

To the extent Defendant's Motion seeks the return of items identified on the Property Receipt and subject to the Court's Forfeiture Order,[2] Defendant's Motion must be denied. A Rule 41(g) motion is an equitable means for obtaining the return of items seized in connection with a criminal investigation; it is not a vehicle for seeking the return of items forfeited in connection with a criminal conviction. *See United States v. Guerra*, 426 F. App'x 694, 697 (11th Cir. 2011) (recognizing that Rule 41(g) "only permits the recovery of property that has been seized as evidence, not property that has been forfeited to the government"); *see also United States v. Rodriguez*, No. 12-CR-78-GKF, 2013 WL 594467, at *2 (N.D. Okla. Feb. 15, 2013). Relief under Rule 41(g) is available only where there is no adequate alternative remedy at law. *See United States v. Dahda*, No. 20-3185, 2021 WL 4891650, at *2 (10th Cir. Oct. 20, 2021) (affirming dismissal of motion seeking return of seized currency where the moving party had an adequate remedy at law in the ancillary forfeiture proceeding). A criminal defendant whose sentence includes a forfeiture order has adequate alternatives for challenging the deprivation of property— including a direct appeal of his sentence. Consequently, such an individual may not resort to Rule 41(g) to challenge a criminal forfeiture. *See Young v. United States*, 489 F.3d 313, 315 (7th Cir.

---

[2] The Property Receipt contains the following items that fall within the scope of the Forfeiture Order: Item Nos. 1, 6, 8, 9, 11, 18, 21, and 27 (loose feathers, corresponding to category 1 of the Forfeiture Order); Item No. 24 (one fan with seven feathers, corresponding to category 3 of the Forfeiture Order); Item No. 28 (talons and bird heads, corresponding to categories 5 and 6 of the Forfeiture Order); and Item No. 29 (bag of wings and feathers, corresponding to categories 1 and 7 of the Forfeiture Order). In addition, the feathers contained in the boxes identified as Item Nos. 17, 19, 20, 22, 25, and 26 fall within category 2 of the Forfeiture Order.

2007) (collecting cases) (recognizing that "a criminal forfeiture is part of the defendant's sentence and must be challenged on direct appeal or not at all").

Although Defendant appealed various aspects of his conviction and sentence, he did not avail himself of the opportunity to appeal the terms of the forfeiture order. Having failed to take advantage of that legal remedy, Defendant cannot now use Rule 41(g) to attack those aspects of the judgment that he did not challenge on appeal *See Young*, 489 F.3d at 315 (rejecting Rule 41(g) motion as "an improper attempt to challenge a component of his sentence," and concluding that the defendant's interest in the property was resolved through the verdict, order of forfeiture, and judgment of conviction). Defendant's Motion is therefore denied with respect to the Forfeited Items, including the items identified in the Property Receipt as Item Nos. 1, 6, 8, 9, 11, 18, 21, 24, 27, 28, and 29, and the feathers contained in Item Nos. 17, 19, 20, 22, 25, and 26.

### B. Items Listed in the Property Receipt not Subject to Forfeiture

There appears to be no dispute that Defendant is entitled to the return of the items identified in the Property Receipt that are not subject to the Forfeiture Order. The Government has agreed to return the items designated in the Property Receipt as Item Nos. 2, 3, 4, 5, 7, 10, 14, 15, 16, and 23, and has further agreed to return the containers identified as Item Nos. 17, 19, 20, 22, 25, and 26, together with non-feather contents not subject to forfeiture. *See* Dkt. No. 130 at 3-4; Dkt. No. 130-2. The Government has indicated that these items are "available for return to Mr. Ortner's designee," and has requested "contact information of a designee so that arrangements [may] be made for the return" of those items. Dkt. No. 130 at 3-4.[3] Because the Government has stipulated

---

[3] The documents and notebook identified as Item Nos. 12 and 13 in the Property Receipt are not included in Defendant's List. The Government submits that these items belong to the victim and/or minors living in Defendant's residence. *See* Dkt. No. 130 at 3, n. 3. This Opinion takes no position on the appropriate disposition of these items, as Defendant does not request their return.

to the return of these items, the Court will grant Defendant's Motion with respect to the items identified in the Property Receipt as Item Nos. 2, 3, 4, 5, 7, 10, 14, 15, 16, and 23, the containers identified as Item Nos. 17, 19, 20, 22, 25 and 26, and the non-feather contents of those containers. *See* Dkt. No. 130-2. The Court directs Plaintiff to provide the Government with an address for the delivery of those items within thirty (30) days of the date of this Order.

### C. Items not Listed on the Property Receipt

Having resolved Defendant's Motion as it pertains to the items described in the Forfeiture Order, the Court now turns to the question of how to address the remaining items included in Defendant's List. The Government did not admit or deny whether it has possession of those items in Defendant's List that do not appear in the Property Receipt. Instead, the Government simply argued that Defendant had missed his chance to seek the return of the Forfeited Items and agreed to return the items identified in the Property Receipt that are not subject to forfeiture. Dkt. No. 130 at 2-4. Given the Government's failure to address the remaining items on Defendant's List, the Court cannot determine the appropriate disposition of those items without further factual development. *See* Fed. R. Crim. P. 41(g) (recognizing that a court "must receive evidence on any factual issue necessary to decide" a Rule 41(g) Motion). *E.g., United States v. Shigemura*, 664 F.3d 310, 312-13 (10th Cir. 2011) (remanding for consideration of whether the challenged property was within the possession of the government). The Court therefore directs the Government to provide, within thirty (30) days of the date of this Order, a written statement admitting or disclaiming its possession of the items included in Defendant's List and setting forth the Government's position as to the disposition of any items in its possession. The Court further directs Defendant to submit, within thirty (30) days of the date of this Order, any materials,

documents, affidavits, or other evidence in support of his claim that the items in Defendant's List were unlawfully seized or are being unlawfully retained by the Government.

## Conclusion

As discussed above, the Court **DENIES** Defendant's Rule 41(g) Motion as it pertains to items subject to the Forfeiture Order, and **GRANTS** Defendant's Motion insofar as it concerns non-forfeited items listed in the Government's Property Receipt.  With respect to the remaining items in Defendant's List, the Court cannot determine, based on the record before it, whether those items are in the Government's possession or are subject to return under Rule 41(g).  Accordingly, the Court **DIRECTS** the Government and Defendant to submit supplemental briefing and evidence concerning the property described in Defendant's List within thirty (30) days of this Order.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Return of Property [Dkt. No. 128] is **GRANTED IN PART AND DENIED IN PART** as detailed herein.

Dated this 17th day of July 2023.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE