UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br>v.<br><br>CARL GENE ORTNER,<br><br>　　　　　Defendant. | Case No. 20-CR-237-JFH |

**OPINION AND ORDER**

Currently before this Court are two Motions filed by Defendant Carl Gene Ortner, Jr. ("Defendant"). The first is a Motion to Compel the production of documents in the possession of Defendant's prior counsel (the "Motion to Compel"). Dkt. No. 132. The second is a Motion to Supplement Defendant's Motion to Compel (the "Motion to Supplement"). Dkt. No. 137. For the reasons set forth herein, the Motion to Compel [Dkt. No. 132] and Motion to Supplement [Dkt. No. 137] are **DENIED**.

Although this case originated as a criminal matter, Mr. Ortner is preparing to seek post-conviction relief. Dkt. No. 132 at 2. The Federal Rules of Civil Procedure generally apply to such claims, as do this Court's local rules. *See* Rule 12, Rules Governing § 2255 Proceedings (recognizing that the Federal Rules of Civil Procedure apply "to the extent that they are not inconsistent with any statutory provisions or these rules"). *E.g., Franks v. Clayton*, No. 22-CV-0328-CVE-JFJ, 2023 WL 4868560, at *2 (N.D. Okla. July 31, 2023) (discussing rejection of pleading that failed to conform with local civil rules). Defendant failed to comply with this Court's local rules when he filed his Motion to Compel without first obtaining leave to do so. *See* L. Civ.

R. 7-1(f). Because Defendant is required to comply with the local rules notwithstanding his pro se status, *see* L. Civ. R. 17-1(d), his Motion to Supplement [Dkt. No. 137] is **DENIED**.

Turning to the merits of Defendant's Motion to Compel, the Court notes that the Motion seeks documents and information that were in the possession of Defendant's trial counsel. Dkt. No. 132 at 3. To the extent Defendant needs this information, he should request it in the context of a filed motion for post-conviction relief. *See* Rule 6, Rules Governing § 2255 Proceedings (recognizing that a party may request discovery and a court may grant such discovery for good cause). While Defendant suggests he needs the requested information to prepare his post-conviction motions, Dkt. No. 132 at 3, this is simply not the case; to satisfy his pleading obligations, Defendant need only set forth the grounds for relief, the facts in support, and the relief requested in legible document that is signed under penalty of perjury. *See* Rule 2, Rules Governing § 2255 Proceedings. It is apparent from Defendant's Motions that he has the information necessary to satisfy his pleading obligations with respect to his claim of ineffective assistance of counsel. Dkt. No. 132; Dkt. No. 137. Defendant has no need of robust discovery prior to filing his anticipated motions, and his Motion to Compel is therefore **DENIED**.[1]

**IT IS THEREFORE ORDERED** that Defendant's Motion to Supplement [Dkt. No. 137] and Motion to Compel [Dkt. No. 132] are **DENIED**.

Dated this 12th day of September 2023.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE

---

[1] Although the Court denies the Motion to Supplement, it has reviewed the documents submitted with that Motion. None of the supplemental materials would have any bearing on this Court's decision with respect to Defendant's Motion to Compel.