IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                          Case No. 20-CR-237-JFH

CARL GENE ORTNER, JR.,

    Defendant.

## OPINION AND ORDER

Before the Court is a motion for relief from a final order or judgment under Federal Rule of Civil Procedure 60(b) ("Motion") filed by Defendant Carl Gene Ortner, Jr. ("Defendant"). Dkt. No. 142. The Motion concerns items criminally forfeited during Defendant's case. *See* Dkt. No. 67 (preliminary order of forfeiture); Dkt. No. 76 (notice of final order of forfeiture) (the preliminary and final orders of forfeiture collectively, the "Forfeiture Order"). For the reasons stated, the Motion is DENIED.

## BACKGROUND

As described in one of the Court's previous Orders, this case involved eight categories of bird feathers and bird parts that would potentially be subject to forfeiture. Dkt. No. 131 at 2. In 2021 during pretrial proceedings, the Government filed a bill of particulars for its anticipated forfeiture. Dkt. No. 46. After trial, the Government moved for a preliminary order of forfeiture, which the Court granted. Dkt. No. 66; Dkt. No. 67. This preliminary order required the United States to publish notice of it and to send notice "to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture." Dkt. No. 67 at 2. It directed that "[a]ny person, other that the defendant, asserting a legal interest in the property may, within thirty (30) days of the final publication of notice or the receipt of notice, whichever is earlier, petition the

Court for a hearing to adjudicate the validity of the alleged interest." *Id.* No such petitions were received. Consequently, Defendant's judgment incorporated the preliminary order of forfeiture. Dkt. No. 70 at 7. On October 18, 2021, the Government filed a notice of final order of forfeiture (the preliminary and final orders of forfeiture together collectively, the "Forfeiture Order"). Dkt. No. 76.

In 2023, Defendant filed a motion for return of property under Federal Rule of Criminal Procedure 41(g) seeking items both listed and not listed in the Forfeiture Order. Dkt. No. 128. The Court denied this motion so far as it concerned items listed in the Forfeiture Order. Dkt. No. 131 at 4-5. It explained that Defendant failed to avail himself of the opportunity to challenge the Forfeiture Order in his direct appeal and could not collaterally attack it with a Rule 41(g) motion. *Id.* at 5.

## AUTHORITY AND ANALYSIS

Having failed at his Rule 41(g) motion, Defendant now brings a Federal Rule of Civil Procedure 60(b)(6) challenge to the Forfeiture Order. Dkt. No. 142.[1] "Rule 60(b)(6) allows federal courts to relieve a party from a judgment for any reason . . . that justifies relief." *Johnson v. Spencer*, 950 F.3d 680, 700 (10th Cir. 2020) (quotation omitted). "Although the rule should be liberally construed when substantial justice will thus be served, relief under Rule 60(b)(6) is extraordinary and reserved for exceptional circumstances." *Id.* at 701 (quotations omitted). Defendant's arguments fall into two major categories: those seeking to assert third-party interests and those seeking to assert his own interests. *Id.* Neither establishes exceptional circumstances, and so Defendant's current Motion fares no better than his previous one.

---

[1] Defendant also suggests his Motion "could have also been considered under Rule 60(b)(1) for excusable neglect by the government and defense or appellate counsel." Dkt. No. 142 at 1. However, he does not advance this argument anywhere else in the Motion.

Regarding third-party interests, "a party generally must assert his own legal rights and interests[] and cannot rest his claim to relief on the legal rights or interests of third parties." *Kowalski v. Tesmer*, 543 U.S. 125, 129 (2004). In criminal forfeiture proceedings, third parties "have an opportunity to assert their rights to the property in an ancillary proceeding, which permits those who assert an interest in the property to file a petition seeking amendment of the preliminary forfeiture order to exclude their interest." *United States v. Andrews*, 530 F.3d 1232, 1236 (10th Cir. 2008) (citation and quotation marks omitted). In fact, the Federal Rules of Criminal Procedure specifically direct that "[d]etermining whether a third party has [] an interest ***must be deferred*** until any third party files a claim in an ancillary proceeding." Fed. R. Crim. P. 32.2(b)(2)(A) (emphasis added). To the extent that Defendant attempts to assert third-party interests in items covered by the Forfeiture Order, he lacks standing to do so. *See United States v. Wittig*, No. 03-40142-01-02, 2006 WL 13158, at *3 (D. Kan. Jan. 3, 2006) ("[A] defendant does not have standing to object to forfeiture on the grounds that a third party owns the property."); Advisory Committee Notes to Fed. R. Crim. P. 32.2 (2000 Adoption).[2]

Regarding his own interests, as the Court explained in its previous order, Defendant failed to avail himself of the opportunity to challenge the Forfeiture Order in his direct appeal. Defendant claims this omission was an example of ineffective assistance of counsel. Dkt. No. 142 at 2-3. To the extent that Defendant wishes to pursue this argument in a forthcoming 28 U.S.C. § 2255 petition—as he indicates he plans to do [*id.* at 3]—he may do so. Since Defendant has this avenue, however, the Court finds no extraordinary circumstances under Rule 60(b)(6) meriting relief.

---

[2] Defendant appears to concede this in the Motion. *See* Dkt. No. 142 at 7-8.

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant's motion [Dkt. No. 142] is DENIED.

Dated this 29th day of March 2024.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE